IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY CORONADO, et al.,<br><br>             Plaintiff,<br><br>      vs.<br><br>COUNTY OF MADERA, et al.,<br><br>             Defendant._____/ | CASE NO. CV-F-03-5874 LJO<br><br>**ORDER ON PLAINTIFF'S SECOND *EX PARTE* APPLICATION TO CONTINUE SUMMARY JUDGMENT HEARING** |

The Court has received and reviewed plaintiffs' second *ex parte* application to continue the hearing on defendant County of Madera Correctional Managed Care's and defendant Debra Massetti's motion for summary judgment. In the first *ex parte* application, plaintiffs sought an extension of time to file an opposition and argued as grounds: the confusion as to the Court's department and date of hearing, the lack of proper filing by defendants, and the lack of prejudice to defendant if the extension is granted. This Court granted the *ex parte* application and continued the hearing date from March 10, 2006 to April 7, 2006. With the new hearing date of April 7, plaintiff's opposition was due on March 24, 2006. (Local Rule 78-230.)

Plaintiff's opposition filed on March 24, 2006 primarily consisted of the current *ex parte* application. Plaintiffs argue that (1) the summary judgment was filed early in the litigation, (2) discovery is continuing, (3) discovery remains open, (4) the facts are entirely within the exclusive knowledge of defendant, (5) the deposition of treating physician, Dr. Walters needs to be taken, but "plaintiff cannot specifically identify what facts will be obtained," (6) plaintiff's discovery plan, due to limited funds, is to obtain discovery as close to the end of discovery as possible.

1    Defendant County of Madera Correctional Managed Care and defendant Debra Massetti opposed
2 the *ex parte* application for continuance on the grounds: (1) in the first *ex parte*, no mention was made
3 that further discovery was needed, (2) plaintiffs have had the summary judgment motion for seven
4 weeks, and are just now claiming additional time is needed, but plaintiff has done absolutely no
5 discovery to date, (3) plaintiff has not complied with Rule 56(f) - the affidavit submitted by plaintiffs'
6 counsel does not set forth any facts which plaintiffs hope to discover in the deposition of Dr. Walters
7 and in fact admit they cannot identify what facts they will obtain, yet represent to the court that these
8 identifiable facts are essential, (4) plaintiffs' tactical decision to wait to conduct discovery is not grounds
9 for further delay, and defendants do not have to wait until the close of discovery before bringing their
10 motion, and (5) plaintiffs have not noticed the deposition of Dr. Walters or propounded any written
11 discovery since receiving defendants' motion.

12    "Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment
13 when they have not had sufficient time to develop affirmative evidence." *Burlington Northern Santa Fe*
14 *R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). "A
15 Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a
16 party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *United*
17 *States v. One 1985 Mercedes,* 917 F.2d 415, 418 (9th Cir.1990) (citation omitted). *Kelly v.*
18 *Marcantonio*, 187 F.3d 192, 203 (1st Cir. 1999) (failed to show material evidence); *and see Terrell v.*
19 *Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (the party seeking the continuance bears the burden of
20 establishing that the evidence sought exists). Facts, not conclusions, are required. *Keebler Co. v. Murray*
21 *Bakery Products*, 866 F.2d 1386 (Fed. Cir. 1989) (generalized statement that 'certain information
22 necessary to prepare a response is solely in the possession of moving party' held insufficient). "In short,
23 the opposing party must demonstrate (1) why it needs additional discovery and (2) how the additional
24 discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*,
25 170 F3d 518, 535 (5th Cir. 1999).

26    Here, plaintiffs have not carried their burden for another continuance. The declaration submitted
27 in support of the continuance does not show how the purported discovery will raise an issue of fact, or
28 even what facts are expected to be elicited at the deposition. Plaintiffs have not shown that any facts

sought to be discovered through the deposition of Dr. Walters could or would raise and issue of fact in the motion for summary judgment. Indeed, plaintiffs acknowledge that they cannot specifically identify what facts will be obtained even if a continuance is permitted. Thus, plaintiffs have not carried their burden of how the discovery will create a genuine issue of fact. Trial is set for November 13, 2006, discovery cut off is May 16, 2006, and expert discovery cut off is June 30, 2006. This case is not in the early stages of litigation such that a continuance should be granted.

Accordingly, plaintiffs' *ex parte* application for a continuance of defendant County of Madera Correctional Managed Care's and defendant Debra Massetti's motion for summary judgment is DENIED. The hearing set for April 7, 2006 is VACATED and the matter is hereby submitted on the pleadings.

IT IS SO ORDERED.

**Dated:   March 27, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                          UNITED STATES MAGISTRATE JUDGE